UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MIAN FAROOQ, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | Case No. 15-cv-06106 |
| | ) | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, and BLATT, HASENMILLER, LEIBSKER & MOORE, LLC, | ) ) ) ) | |
| | ) | |
| DEFENDANTS. | ) | *Jury Demanded* |

**COMPLAINT**

Plaintiff, Mian Farooq, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") and the Illinois Collection Agency Act, 225 ILCS 425/1, *et seq*. ("ICAA") and alleges:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.  Venue is proper in this District because parts of the acts and transactions occurred here and Defendants transact substantial business here.

**PARTIES**

3.  Plaintiff, Mian Farooq ("Plaintiff') is a resident of the State of Illinois, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a defaulted Citibank, N.A. consumer credit card account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

4. Defendant, Portfolio Recovery Associates, LLC ("PRA"), is a Delaware limited liability company with its principal place of business at 120 Corporate Boulevard, Norfolk, Virginia 23502. It does or transacts business in Illinois. Its registered agent and office are Illinois Corporation Service Company, located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703. (Exhibit A, Record from Illinois Secretary of State).

5. Defendant PRA is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

6. Defendant PRA holds a collection agency license from the state of Illinois. (Exhibit B, Record from Illinois Department of Financial & Professional Regulation).

7. Defendant PRA regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

8. Defendant, Blatt, Hasenmiller, Leibsker & Moore LLC ("Blatt"), is a law firm organized as limited liability company with a registered office and agent at 10 S LaSalle St, Suite 2200, Chicago, IL 60603. (Exhibit C, Record from the Illinois Secretary of State).

9. The practice of Blatt consists of the collection of alleged defaulted consumer debts originally owed to others.

10. Blatt regularly uses the mails and telephone system in attempting to collect debt owed to others.

11. Blatt regularly files collection lawsuits in Illinois on behalf of PRA in attempting to collect defaulted consumer debts.

12. Blatt is a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## **FACTUAL ALLEGATIONS**

13. According to Defendants, Plaintiff incurred a debt for the purchase of goods and services used for personal purposes, originally for a Citibank, N.A. consumer credit card account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

14. According to Defendants, PRA subsequently purchased the alleged debt after default.

15. On or about June 27, 2013, PRA began communicating credit information to the TransUnion consumer reporting agency, including an account number, the original creditor, and a pay status. (Exhibit D, Excerpt of Plaintiff's TransUnion credit report).

16. PRA subsequently retained, hired or otherwise assigned the alleged debt to Blatt for collection from Plaintiff.

17. PRA authorized, directed and ratified Blatt's actions taken in connection with the collection of the alleged debt from Plaintiff.

18. On January 26, 2015, Blatt filed a lawsuit on behalf of PRA and against Plaintiff in the Circuit Court of Cook County, Illinois, styled *Portfolio Recovery Associates, LLC v. Mian U. Farooq*, Case No. 15 M1 102033 ("State Action"). (Exhibit E, Complaint and attached Affidavit).

19. On or about February 10, 2015, the complaint was served on Plaintiff.

20. The complaint conveyed information regarding the alleged debt, including an alleged amount due and the identity of the current creditor.

21. Thus, the complaint was a "communication" as that term is defined at § 1692a(2) of the FDCPA.

22. Attached to the complaint was an affidavit executed by Itina Spellman, a Custodian of Records for PRA, who testifies that PRA bought the account from Citibank, N.A.

23. Ms. Spellman's actions were directed and authorized by PRA.

24. The Affidavit claimed that Plaintiff owed $1,360.77 to PRA.

25. Plaintiff does not owe the money that PRA attempted to collect from him.

26. On March 11, 2015, Plaintiff notified PRA via counsel that he disputed the alleged indebtedness. (Exhibit F, Dispute Letter).

27. PRA nonetheless continued to attempt to collect the alleged debt via litigation and by reporting the alleged debt on a monthly basis to the consumer reporting agencies, including Equifax, Experian and TransUnion.

28. On June 30, 2015, a trial was conducted in the State Action, where the Circuit Court of Cook County found that Defendant did not owe any money to Defendant PRA. (Exhibit G, Judgment Order).

29. Defendants' actions taken in connection with the collection of the alleged debt, detailed above and all taken within the last year, violated the FDCPA.

30. Credit reporting by a debt collector constitutes an attempt to collect a debt. *See, e.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

31. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

> **. . . (2) The false representation of--**
>
> **(A) the character, amount, or legal status of any debt . . .**
>
> **. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . .**
>
> **. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer. . . .**

32. PRA knew that Plaintiff had disputed that he owed the alleged debt, because Plaintiff had notified PRA of said dispute by letter on March 11, 2015.

33. Even though PRA knew, on and after March 11, 2015, that Plaintiff did not owe the alleged debt, PRA repeatedly communicated credit information to the Equifax, Experian, and TransUnion credit reporting agencies, on a monthly basis after receiving the letter from Plaintiff, so that Equifax, Experian, and TransUnion would report (and did report) that Plaintiff owed $1,360.77 to PRA, in violation of 15 U.S.C. §§ 1692e and 1692e(8).

34. PRA and Blatt's efforts to collect the alleged debt, via credit reporting and litigation in the State Action, also violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10), as Plaintiff did not owe the money Defendants attempted to collect from him.

35. 15 U.S.C. § 1692f of the FDCPA provides as follows:

> **Unfair practices**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . . .**

36. PRA and Blatt's efforts to collect the alleged debt, via credit reporting and litigation in the State Action, also violated 15 U.S.C. §§ 1692f and 1692f(1), as there was no basis—legal nor contractual—which could support the collection of the alleged debt from Plaintiff.

37. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT – PRA

38. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

39. PRA communicated false credit information, in violation of 15 U.S.C. §§ 1692e and 1692e(8), when it communicated to the Equifax, Experian and TransUnion credit reporting agencies that Plaintiff owed $1,360.77 to PRA, when he did not owe any money to PRA.

40. PRA falsely represented the character, amount, and legal status of the alleged debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10), when it falsely communicated to Plaintiff that he owed $1,360.77 to PRA, via acts taken in litigation and credit reporting.

41. PRA unfairly attempted to collect an amount from Plaintiff neither authorized by any agreement creating the alleged debt, nor allowed by law, in violation of 15 U.S.C. §§ 1692f and 1692f(1), when it falsely attempted to collect $1,360.77 from Plaintiff, via acts taken in litigation and credit reporting.

42. Plaintiff suffered actual damages as the result of Defendants' actions, including costs associated with defending the State Action.

WHEREFORE, Plaintiff, Mian Farooq, asks that the Court enter judgment in his favor and against Defendant PRA as follows:

    A.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    B.    Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    C.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    D.    Such other or further relief as the Court deems proper.

### COUNT II – FAIR DEBT COLLECTION PRACTICES ACT – BLATT

43. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

44. Blatt falsely represented the character, amount, and legal status of the alleged debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10), when they falsely communicated to Plaintiff that he owed $1,360.77 to PRA, via acts taken in litigation.

45. Blatt unfairly attempted to collect an amount from Plaintiff neither authorized by any agreement creating the alleged debt, nor allowed by law, in violation of 15 U.S.C. §§ 1692f and f(1), when they falsely attempted to collect $1,360.77 from Plaintiff, via acts taken in litigation.

46. Plaintiff suffered actual damages as the result of Defendants' actions, including emotional distress.

WHEREFORE, Plaintiff, Mian Farooq, asks that the Court enter judgment in his favor and against Defendant Blatt as follows:

    A.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    B.    Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    C.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    D.    Such other or further relief as the Court deems proper.

## COUNT III – ILLINOIS COLLECTION AGENCY ACT – PRA

47. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

48. This claim is against PRA.

49. PRA is a "collection agency" as defined in the Illinois Collection Agency Act, 225 ILCS 425/1, *et seq*. ("ICAA").

50. PRA holds an Illinois Collection Agency license.

51. 225 ILCS 425/9 states:

> **. . . (20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist. . . .**
>
> **. . . (26) Misrepresenting the amount of the claim or debt alleged to be owed.**

52. PRA attempted to enforce a right or remedy even while knowing Plaintiff did not owe the debt, in violation of 225 ILCS 425/9.

53. A private right of action exists for violation of the ICAA against Defendants. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

54. Plaintiff suffered actual damages as a result of PRA's actions, including costs associated with defending the State Action.

WHEREFORE, Plaintiff Mian Farooq, asks that the Court enter judgment in his favor and against Defendant PRA, as follows:

    A.    Compensatory and Punitive damages;

    B.    Costs; and

    C.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Michael J. Wood
One of Plaintiff's Attorneys

Michael Wood
Andrew Finko
Bryan Thompson
***Wood Finko & Thompson P.C.***
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312)757-1880
Fx: (312)476-1362
mwood@woodfinkothompson.com
afinko@woodfinkothompson.com
bthompson@woodfinkothompson.com